| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor: U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Corp. 2005-WMC1 Asset Backed Pass-Through Certificates, Series 2005-WMC1 | Order Filed on May 8, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re: Rex V. Fernandez<br>Debtor | Case No.:  25-11697 JKS<br><br>Hearing Date: 5/8/2025 @ 8:30 a.m.<br><br>Judge:  John K. Sherwood |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: May 8, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:      Rex V. Fernandez
Case No.:    25-11697 JKS
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Corp. 2005-WMC1 Asset Backed Pass-Through Certificates, Series 2005-WMC1, holder of a mortgage on real property located at 144W Central Ave, Bergenfield, NJ, 07621, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Russell L. Low, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by May 25, 2025, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.